# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRY ADAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1119-R |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Bernard M. Jones recommending affirmance of the Commissioner's decision to deny Plaintiff disability insurance benefits ("DIB"). Doc. 17. Plaintiff objected, arguing that the Administrative Law Judge ("ALJ") failed to consider certain evidence regarding her obesity, use of a cane, and other ailments in finding Plaintiff not "disabled" under Title II of the Social Security Act, 42 U.S.C. §§ 405(g), 423(d)(1)(A). Doc. 18. Defendant responded that the ALJ's findings were supported by substantial evidence in the record. Doc. 21. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Plaintiff's objections and ADOPTS the Report in its entirety. The decision of the Social Security Administration ("SSA") is AFFIRMED.

### I. Background

The ALJ issued a decision on February 20, 2015, that Plaintiff has not been disabled since she applied for DIB on May 28, 2013. Social Security Administration Record ("AR,"

1

Doc. 10) 10. She followed the SSA's five-step disability evaluation. 20 C.F.R. § 404.1520(a); *see Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). The ALJ first found that Plaintiff has not engaged in "substantial gainful activity since . . . [her] application date." AR 12. The second and third steps entailed ALJ analysis of Plaintiff's SSA-defined "severe impairments," which include "status post left knee replacement; degenerative disc disease, plantar fasciitis, asthma, and depression." AR 12–14. Plaintiff also experiences non-severe obesity and hypertension. AR 12. Notably, the ALJ relied on Plaintiff's silence at the social security hearing regarding obesity and the absence of evidence to substantiate that obesity poses "any specific or quantifiable impact on [her] pulmonary, musculoskeletal, endocrine, or cardiac functioning." *Id.*

Fourth, the ALJ found that Plaintiff possesses the residual function capacity ("RFC") to "perform a reduced range of sedentary work." AR 14.

> [S]he can lift and/or carry up to 10 pounds; stand and/or walk for 2 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday. She can occasionally stoop; must avoid more than occasional exposure to respiratory irritants; can understand and complete simple and some complex instructions as in semi-skilled work; can relate to others on a superficial work basis; and can adapt to a work situation.

*Id.* In reaching this conclusion, the ALJ considered Plaintiff's obesity (AR 12), testimony at the hearing (AR 25–62), remote history of knee replacement and degenerative disc disease (AR 66–85), psychological evaluation by Dr. Scott (AR 310–14), consultative examination by Dr. Christensen (AR 316–28), emergency room visits for foot pain (AR 329–41) and a respiratory infection (AR 342–49), visits to the Clinton Free Clinic (AR 297–308, 350–51), work record (AR 226), failure to seek free care for reported ailments

during extensive periods (AR 14–18), and the State Agency's psychological and physical medical experts (AR 97–120).

Lastly, the ALJ found that although Plaintiff's RFC prevents her from continuing past relevant work as a "dietary aide, home health aid, and babysitter," there are "jobs that exist in significant numbers in the national economy" that Plaintiff can perform. AR 18–20 (quoting 20 C.F.R. §§ 416.965, 416.969, 416.969(a)). Specifically, Plaintiff can perform three jobs: thread separator, inspector, or cuff folder. AR 19. The ALJ therefore found Plaintiff not disabled and the Commissioner adopted this finding following Plaintiff's unsuccessful appeal.

## II. Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989), and "requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005) (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070

3

(10th Cir. 2007) (quoting *Grogan*, 499 F.2d at 1262). While the Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' . . . [the Court] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (quoting *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988)).

### III. Discussion

Plaintiff alleges that the ALJ committed several errors in finding Plaintiff not disabled under the Social Security Act. The first concerns the treatment of obesity in the ALJ's Step 2 determination, and the rest concern Plaintiff's RFC. The Court will address each in turn and then Plaintiff's remaining objections to Judge Jones's Report and Recommendation.

### A. Obesity

Plaintiff argues that the ALJ erred at Step 2 by finding Plaintiff's obesity not "severe" and by considering the condition in a "boilerplate and completely conclusory fashion." Plaintiff's Opening Brief, Doc. 12, at 3. First, the ALJ clearly considered obesity, and the Court declines to reweigh the evidence. *See Hackett,* 395 F.3d at 1172. She found:

> The claimant is obese at 63 inches tall and 272 pounds (Exhibit C-3 F). The claimant does not allege disability due to obesity (Exhibit C-2E). She did not mention obesity at the hearing. I have considered the potential impact of obesity in causing or contributing to co-existing impairments as required by Social Security Ruling 02-01p. However, there is no evidence of any specific or quantifiable impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning. The claimant's weight, including the impact on her ability to ambulate as well as her other body systems, has been considered within the limitations of the claimant's residual functional capacity described below.

4

AR 12. The record shows that "the ALJ did discuss possible ramifications of her obesity when [s]he addressed the lack of marked arthritic pain, joint deformity, or musculoskeletal impairment. [Plaintiff] does not discuss or cite to medical evidence about other areas which were impacted by her obesity." *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004).

Second, regarding the particularity of the ALJ's obesity findings, the Court takes the ALJ at her word—that she considered Plaintiff's obesity and its ramifications. *See Hackett,* 395 F.3d at 1172. Granted, "[t]he ALJ could have provided a more particularized discussion of the effects of [Plaintiff's] obesity," but her "decision provides an adequate discussion of the effect of obesity." *Arles v. Astrue*, 438 F. App'x 735, 740 (10th Cir. 2011). Plaintiff does not point to conflicting evidence in the record that the ALJ ignored, and the Court rejects Plaintiff's obesity argument.

Third, "the failure to find a particular impairment severe at [Step 2] is not reversible error when the ALJ finds that at least one other impairment is severe. Here, the ALJ found [five] other impairments severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). This is because Plaintiff "need only establish, and an ALJ need only find, one severe impairment" to proceed to Step 3 in the disability calculation. *Id.*

**B. Plaintiff's Residual Function Capacity**

Plaintiff asserts a number of issues with the ALJ's RFC calculation and conclusion that Plaintiff possesses the RFC to "perform a reduced range of sedentary work." AR 14. The first issue concerns the ALJ's alleged failure to consider Plaintiff's obesity, which is meritless for the reasons stated above. *See* AR 12 ("The claimant's weight, including the

impact on her ability to ambulate as well as her other body systems, has been considered within the limitations of the claimant's residual functional capacity described below.").

Second, the ALJ allegedly failed to consider that "[a]n RFC for less than a full range of sedentary work . . . is expected to be relatively rare." Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *1 (July 2, 1996). Plaintiff is right that the ALJ did not explicitly note the rarity of a limited-sedentary-RFC finding, but such "a finding . . . does not necessarily equate with a decision of 'disabled.'" *Id.* The ALJ substantiated Plaintiff's RFC with evidence in the record. She also gave the required "consideration . . . to whether there is other work in the national economy that [Plaintiff] is able to do." *Id.*; *see* AR 19–20. Thus, Judge Jones correctly notes that the ALJ's "reduced range of sedentary work" finding is justified—the SSR "requires neither a special explanation of why rare circumstances exist to justify the RFC nor a statement that the ruling was considered." Doc. 17, at 4 (citing SSR 96-9p; *Neihart v. Berryhill*, Report and Recommendation, No. CIV-16-394-RAW-KEW, 2017 WL 2560003, at *2–3 (E.D. Okla. May 10, 2017)).

Third, Plaintiff claims that the ALJ failed to fully consider the impact of Plaintiff's use of a cane—specifically her "wide based gait," "lordotic back," and "back pain"—on her severe conditions and ability to carry objects. To the contrary, the ALJ considered Plaintiff's testimony concerning back and leg pain, left knee arthritis, ankle swelling, and "that she uses a cane constantly because of balance problems and it was not prescribed by a doctor." AR 15. In weighing this testimony against the medical evidence in the record, however, the ALJ found that her "statements concerning the intensity, persistence, and limited effects of these symptoms are not entirely credible." *Id.* At Plaintiff's consultative

6

evaluations, those "set up by the [Social Security] Administration," she used a cane; by contrast, the medical records from Plaintiff's non-SSA medical visits do not refer to cane use. AR 16–17.

In particular, at Dr. Christensen's August 15, 2013, consultative examination, Plaintiff showed:

> reduced range of motion in the lumbar spine, but range of motion of all other joints was normal. There was mild weakness in toe walking, heel walking was normal, straight leg raising was negative, and there was no evidence of knee crepitus or effusion. Grip strength was 5/5, there was no evidence of muscular atrophy, and there was no focal sensory deficits appreciated. The claimant had normal hand skills bilaterally and posture was lordotic. The claimant ambulated with a safe and stable gait at a normal speed with a cane. Without the cane the claimant was slightly slower with a wider based gait.

AR 16. An emergency visit the following summer for foot pain "showed normal gait, 5/5 strength in all extremities, sensation was intact, and the claimant was able to fully bear weight without difficulty." *Id.* Then when Plaintiff visited the emergency room again in December of 2014, "there was no mention that she used a cane (Exhibits C-4F and C-5F). There is also no mention of a cane when seen at the free clinic on November 13, 2014 (Exhibit C-6F)." AR 17. Based on this evidence, the ALJ found Plaintiff's testimony not credible and determined that she "can lift and/or carry up to 10 pounds."[1] AR 18. Given the ALJ's detailed consideration of this cane issue, the Court declines to reweigh the evidence or reverse the ALJ's credibility determination.

---

[1] The Court disregards an exhibit to Plaintiff's brief before Judge Jones because review of the ALJ's decision is limited to the administrative record. *See Young v. Astrue*, 219 F. App'x 840, 842 (10th Cir. 2007) (quoting *Ginter v. Sec'y of Dep't of Health, Educ., & Welfare,* 621 F.2d 313, 313–14 (8th Cir. 1980) (per curiam)) (The "district court's role under § 405(g) 'is limited to reviewing the administrative record to determine whether there is substantial evidence to support the findings of the [Commissioner].'").

Fourth, the ALJ allegedly erred by finding that Plaintiff—despite her "severe" asthma—can be around "occasional exposure to respiratory irritants." AR 14. Again, the ALJ clearly considered Plaintiff's asthma and imposed an RFC limitation based on this "severe impairment." AR 18 ("I accord little weight to the opinions of the State Agency physical medical experts because the evidence clearly shows that the claimant's asthma is a severe impairment and causes functional limitations."). This finding is insufficient, Plaintiff argues, because a severe impairment necessarily requires absolute protection from irritants and "unscheduled breaks for breathing treatments during the work day." Yet, none of the evidence Plaintiff cites supports that need. *See* AR 38, 316–18, 324; *see also* AR 17 ("Pulmonary function studies showed restriction of lung volumes consistent with asthma (Exhibit C-3F). This examination does not show any severe findings that would preclude the claimant from performing sedentary work activity."). Accordingly, the Court rejects Plaintiff's contention regarding her asthma.[2] "Clearly, an ALJ doesn't commit error by omitting limitations not supported by the record." *Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 (10th Cir. 2016).

Fifth, Plaintiff argues that the ALJ failed to consider her learning disorder when concluding that she is capable of "understand[ing] and complet[ing] simple and some complex instructions as in semi-skilled work." AR 14. The ALJ supported this finding with evidence in the record. Following Plaintiff's consultative psychological evaluation on August 7, 2013—despite her "remote memory functioning [that] was somewhat impaired"

---

[2] The Court agrees with Judge Jones that alternatively, this is harmless error. None of Plaintiff's potential occupations at Step 5—thread separator, inspector, or cuff folder—require exposure to irritants. *See* AR 19; Doc. 17, at 6 n.4.

and poor arithmetic abilities—Dr. Scott concluded that Plaintiff's "ability to understand, remember, and carry out simple and complex instructions in a work-related environment would be rated as fair (Exhibit C-2F)." AR 16, 314.[3] The ALJ:

> accord[ed] great weight to the opinions of the State Agency psychological medical consultants because they are deemed experts and highly knowledgeable in the area of disability and because their opinions are well supported by medically acceptable clinical and laboratory techniques and largely consistent with the record as a whole as detailed above.

AR 18; *see* AR 13–15 ("The severity of the claimant's mental impairments . . . . With regard to concentration, persistence or pace, the claimant has moderate difficulties. . . . [Plaintiff] stated that she was in special education in school and left school because she could not do the work.").

Plaintiff repeatedly accuses the ALJ of "playing doctor" for relying on the record. Doc. 12, at 7; Doc. 18, at 2, 4. Meanwhile, Plaintiff distorts the record and speculates that "complex and semi-skilled work is out of the question." *See* Doc. 12, at 10; Doc. 17, at 7 & n.6. The Court declines to reweigh substantial medical evidence the ALJ relied on in her RFC determination. Alternatively, for the reasons stated by Judges Jones in his Report, any alleged error is harmless because the ALJ did not recommend semi-skilled occupations in finding Plaintiff not disabled. *See* Doc. 17, at 8; AR 19.

---

[3] In asserting further ALJ error, Plaintiff mischaracterizes Dr. Scott's findings—he did not find a "'fair' ability to work"—and argues that the ALJ failed to identify the weight she gives to his conclusion. *See* AR 16, 314; Doc. 12, at 11–13. The ALJ's discussion of "great weight [given] to the opinions of the State Agency psychological medical consultants" appears "sufficiently specific to make clear . . . the weight [the ALJ] gave to [Dr. Scott's] medical opinion and the reason for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96–2p, 1996 WL 374188, at *5). Nonetheless, even if the ALJ's explanation is insufficient, the omission is harmless error because Dr. Scott's opinion is entirely consistent with the ALJ's RFC conclusion. *See Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity.").

**C. Plaintiff's Objections to the Report and Recommendation**

Objecting to Judge Jones's Report and Recommendation, Plaintiff improperly raises new issues not presented in his opening brief and repeats various meritless arguments. Plaintiff's main objection concerns the ALJ's credibility determinations throughout her analysis. Effective March 28, 2016, the SSA replaced SSR 96-7p with SSR 16-3p, "eliminating the use of the term 'credibility' from [its] sub-regulatory policy" and "clarify[ing] that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3P, 2016 WL 1119029, at *1 (Mar. 16, 2016). Plaintiff argues that even though her disability determination predated this SSR change, the new rule would apply upon remand—assuming the Court finds reversible error—which undermines the ALJ's RFC analysis and warrants retroactive application to her case.

Plaintiff's problems with this argument are threefold. First, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also City of Colorado Springs v. Solis*, 589 F.3d 1121, 1135 (10th Cir. 2009). Second, even if the Court could consider Plaintiff's argument, the SSA clarified SSR 16-3p's application after a year of uncertainty to settle that it does not apply retroactively. The SSA "expect[s] the court [to] review the final decision using the rules that were in effect at the time [the ALJ] issued the decision." Notice of Social Security Ruling, 82 FR 49462-03 n.27 (Oct. 25, 2017); *see also Hargress v. Soc. Sec. Admin., Comm'r.*, No. 17-11683, 2018 WL 1061567, at *5 (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)) ("[A]dministrative rules generally are not applied retroactively."). Third, even if SSR 16-3p applied retroactively, the change was

a mere "clarify[ication]" of the ALJ's role—one that appears consistent with the ALJ's analysis of Plaintiff's RFC.

Plaintiff also waived his various objections regarding Step 3 error. She argues that the ALJ failed to consider Plaintiff's walking limitations and pain with regard to Listing 1.02, and that the ALJ erred by not finding her "disabled per se." Doc. 18, at 6–8. Again, Plaintiff failed to raise these arguments to the magistrate judge and the Court will not consider them anew upon Plaintiff's objection. *See Marshall*, 75 F.3d at 1426.

The rest of Plaintiff's objections are without merit. Discussed above, Plaintiff's arguments regarding the ALJ's consideration of her cane use, ambulation, and back pain are belied by the medical evidence. *See supra* Part III(B), at 6–7. The same goes for the ALJ's failure to discuss Plaintiff's wheelchair use. In addition to waiving that argument for failure to raise it before Judge Jones, Plaintiff distorts the record. Her testimony at the social security hearing does not show wheelchair use at the time of her alleged disability. Instead, she "used to use a hover [or mobile] scooter . . . a bit more than a year" before the hearing to rehab following a surgery.[4] AR 45–46. In other words, Plaintiff's wheelchair use is consistent with the ALJ's finding; accordingly, the ALJ's failure to address it is not reversible error. *See Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014). Further, the ALJ's alleged failure to consider Plaintiff's gripping ability is also directly refuted by substantial evidence in the record. *See* AR 16–17.

---

[4] At the hearing, Plaintiff refers generally to "my surgery." AR 46. The record demonstrates a knee surgery in 2001 and a heel surgery in 2009, both several years before she applied for DIB in 2013.

## IV. Conclusion

Thus, substantial evidence in the record supports the ALJ's factual findings, and the ALJ applied the correct legal standards. The Report and Recommendation of Judge Jones, Doc. 17, is ADOPTED in its entirety. The decision of the Commissioner of the Social Security Administration denying Plaintiff DIB is AFFIRMED.

IT IS SO ORDERED this 13th day of March, 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE